**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DIRK EUGENE LOWTHER, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN STATE HOSPITAL, et al., <br><br> Defendants. | No. CV 19-6766-VAP (AGR) <br><br> **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE** |

On August 5, 2019, Plaintiff, who is incarcerated and proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint against (1) Metropolitan State Hospital; (2) Dr. Boshra, Chief of Medical Operations; and Dr. Dorse.

On October 7, 2019, the court received a document from Plaintiff entitled "Amendment to Complaint." Despite the title, the document was not actually an amended complaint. The document requested that the court add two defendants to the complaint: Los Angeles County Sheriff's Department Medical Services and Dr. Moore in his individual and official capacities. The document did not allege any basis for liability for either defendant. The complaint alleged that Dr. Moore referred Plaintiff for a medical evaluation by a neurosurgeon. (Compl., Dkt. No. 1 at 6.)

On October 8, 2019, the Court denied without prejudice Plaintiff's motion to add two defendants to the complaint to his ability to file a First Amended Complaint that contained all of his claims for relief and contained factual allegations supporting liability of all of the named defendants. The Clerk was directed to mail Plaintiff a blank form civil rights complaint and a copy of his original complaint for reference. (Dkt. No. 10.)

On October 22, 2019, the Court's order was returned as undeliverable by the postal service. (Dkt. No. 11.)

On October 29, 2019, Defendants filed an Answer to the Complaint. (Dkt. No. 12.)

On October 31, 2019, the Court issued an Order re Discovery and Motions setting a deadline for discovery and motions in this case. (Dkt. No. 13.)

Plaintiff's last correspondence was received on October 7, 2019. It was mailed from the Los Angeles County Jail. (Dkt. No. 9.) On November 12, 2019, the Court re-mailed Plaintiff the Minute Order re Document Received on October 7, 2019, Dkt. No. 10, and Order re Discovery and Motions, Dkt. No. 13, to Los Angeles County Jail, 450 Bauchet Street, Los Angeles, CA 90012.

On December 2, 2019, the Court's order was returned as undeliverable by the postal service indicating "Released." (Dkt. No. 21.)

On December 12, 2019, the Court re-mailed Dkt. Nos. 10 and 13 to Plaintiff and the Court's mail was returned as undeliverable on December 27, 2019. (Dkt. No. 22.)

Local Rule 41-6 requires that a Plaintiff proceeding pro se must keep the Court apprised of the Plaintiff's current address. In addition, Local Rule 41-6 provides that "the Court may dismiss the action with or without prejudice for want of prosecution" if the Plaintiff fails to notify the Court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable by the Postal Service.

Plaintiff has failed to notify the court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable as required in Local Rule 41-6.

Accordingly, IT IS ORDERED that, on or before **February 28, 2020**, Plaintiff shall show good cause, if there be any, why this action should not be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. ***Filing a Notice of Current Address on or before February 28, 2020, shall be deemed compliance with this Order to Show Cause.***

***If Plaintiff does not timely file a Notice of Current Address on or before February 28, 2020, or otherwise respond to this Order to Show Cause, the court may recommend that the action be dismissed without prejudice for plaintiff's failure to prosecute and/or failure to comply with a court order.*** See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).

DATED: February 7, 2020

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE